This is an action brought by Walter J. Sykes and the Industrial Bank was afterwards made a party plaintiff, against Aetna Insurance Company, Inc., defendant. The plaintiff Walter J. Sykes sued the defendant to recover $550.00, with interest from 6 March, 1937, on a policy in the defendant company then in force on a Tudor Sedan Ford, 1936 model, on which the premium was paid. In the policy was the following:
"G. Theft, Robbery and Pilferage: (Broad form) Theft, Robbery and Pilferage, excepting by any person or persons in the Assured's household, or in the Assured's service or employment, whether the theft, robbery or pilferage occurs during the hours of such service or employment or not, and excepting by any person, or agent thereof, or by the agent of any firm or corporation to which person, firm or corporation the Assured, or any one acting under express or implied authority of the Assured, voluntarily parts with title and/or possession, whether or not induced so to do by any fraudulent scheme, trick, device or false pretense; and excepting in any case, other than the theft of the entire automobile described herein, the theft, robbery or pilferage of tools or repair equipment." (Italics ours.)
The following appears in the record: "Upon the cause being called for trial, M. B. Simpson, attorney for plaintiff, moved that the Industrial Bank of Elizabeth City, Incorporated, be made a party plaintiff to this action, and stated that he represented the said Industrial Bank of Elizabeth City, Incorporated, and it appearing to the court that the said Industrial Bank of Elizabeth City, Incorporated, is mentioned in the policy sued on in this action, and is the holder of the conditional sales contract on the automobile referred to in this action. The motion to make the said bank a party is allowed, and the defendant excepts.
LEO CARR, Judge." *Page 354 
It was in evidence that the car was stolen by a person "in the assured's household."
The issue submitted to the jury was: "What damages, if any, are the plaintiffs entitled to recover of the defendant?" The jury answered: "Nothing."
Sykes did not appeal but the Industrial Bank did.
Plaintiff Walter J. Sykes did not appeal — thus he is out of the picture. The Industrial Bank did appeal.
N.C. Code, 1935 (Michie), sec. 460, in part, is as follows: "When in an action for the recovery of real or personal property, a person not a party to the action, but having an interest in its subject matter, applies to the court to be made a party, it may order him to be brought in by the proper amendment."
After the bank was made a party, we can find in the record no pleading filed in the cause by the bank. It is not now in a position to complain.
We find in the judgment of the court below
No error.